Dear Ms. Core:
You have requested an opinion of this office regarding the homestead exemption. Specifically, you have asked:
 ". . . if a person does not own and occupy a residence by January 1st of the tax year or subsequently purchases it any date thereafter, do they qualify for a homestead exemption for that year?"
It has been, and remains, the opinion of this office that a property owner who does not own and occupy a residence as of January 1st of a given tax year, or who subsequently purchases it any date thereafter, does not qualify for a homestead exemption for that year.
As stated in Opinion No. 92-856, addressed to you, "the eligibility for the exemption in a given tax year is determined according to the status of property on the first day of January of that year". In response to your recent request, I would like to provide you with additional law which supports our opinion.
R.S. 47:1952 provides, in pertinent part:
 "Assessments shall be made on the basis of the condition of things existing on the first day of January of each year; however, as to the ownership of immovable property subject to taxation, the assessor may note on the tax roll any transfer of such property which takes place after the first day of January but before the assessor files the tax roll with the tax collector as required in R.S. 47:1993, if practicable. If the assessor makes such a note on the tax rolls, the tax notice shall be sent to such owner in lieu of the owner of the property as of January first." (emphasis supplied)
This office has followed the well-established rule set forth by the Supreme Court of Louisiana in New Orleans Bank and Trust Company v. City of New Orleans, 147 So. 42 (1933), which holds:
 "The taxable status of property relates to a certain day in each year. There must be some day of the year as of which the power to tax property is determined. That day fixes the power to tax with reference to whether the property was exempt from taxation on that date."
Pursuant to R.S. 47:1703 and R.S. 47:1952, that date, in St. Tammany Parish, is the first day in January of each year.
I would also refer you to the decision rendered in Young Men's Christian Association v. City of New Orleans, 123 So. 363 (4th Cir., 1929), which held that property which was taxable on January 1st did not become exempt by reason of a transfer of ownership during the tax year.
I am also enclosing copies of previous opinions of this office which reach the same result as Opinion 92-856. Those opinions are Nos. 84-460, 83-235, and in particular, No. 79-160, which is directly on point.
Opinion No. 79-160 states, in pertinent part:
 ". . . it is the opinion of this office that property in the hands of a non-tax-exempt entity on January 1st is to be assessed for taxes for the whole year. The tax is due for the full twelve months, not just for the portion of the year the property is held by the non-tax-entity."
I hope this proves to be of assistance to you, and I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jv/244n
cc: Ms. Diane Gustafson